Tisha Pagalilauan
Christopher Berven
CASCADIA LAW GROUP PLC
1201 Third Avenue, Suite 320
Seattle, WA 98101
Telephone: (206) 292-6300

Attorneys for Defendant

HONORABLE LAUREN KING

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WASTE ACTION PROJECT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>QUIGG BROS. INC.,<br><br>　　　　　Defendant. | Case No. 3:24-cv-06012-LK<br><br>**DEFENDANT QUIGG BROS. INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

COMES NOW Defendant Quigg Bros., by and through the undersigned attorneys of record, and hereby answers Plaintiff's Complaint, asserts affirmative defenses.

## I.　INTRODUCTION

1.　Defendant admits that the Plaintiff's action is a citizen suit. Defendant denies the remainder of Paragraph 1.

DEFENDANT QUIGG BROS. INC.'S ANSWER
TO PLAINTIFF'S COMPLAINT - 1
*(3:23-cv-05652-JNW)*

**CASCADIA LAW GROUP PLLC**
1201 Third Avenue, Suite 320
Seattle, WA 98101
Tel: (206) 292-6300 Fax: (206) 299-4029

## II. JURISDICTION AND VENUE

2. Defendant admits the court has subject matter jurisdiction over citizen suits brought under Section 505(a) of the CWA, 33 U.S.C. 1365(a), Sections 309(d) and 505(a) and (d) of the CWA, 33 USC §§ 1319(d) and 1365(a). Defendant denies all remaining allegations paragraph 2.

3. Defendant admits it received a letter from Plaintiff describing its intent to sue ("Notice Letter") and that the Notice Letter was similar to that which Plaintiff has attached as Exhibit 1 to its Complaint. Defendant denies that the notice was sufficient under Section 505(b)(1)(A) of the Clean Water Act. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 and therefore denies them.

4. In response to paragraph 4 of the Complaint, Defendant admits that more than sixty days have passed from the date of the Notice Letter to the date Plaintiff sued.

5. In response to paragraph 5 of the Complaint, Defendant denies that the alleged violations in the Notice Letter are continuing or are reasonably likely to continue to occur.

6. In response to paragraph 6 of the Complaint, Defendant admits that the U.S Environmental Protection Agency has commenced no action against Defendant regarding the Notice Letter's allegations. Defendant denies that the Washington Department of Ecology has not commenced any action as Ecology has been

DEFENDANT QUIGG BROS. INC.'S ANSWER TO PLAINTIFF'S COMPLAINT - 2
*(3:23-cv-05652-JNW)*

**CASCADIA LAW GROUP PLLC**
1201 Third Avenue, Suite 320
Seattle, WA 98101
Tel: (206) 292-6300 Fax: (206) 299-4029

engaged and active in consulting with Defendant regarding Defendant's NPDES permits.

    7.    Defendant admits venue in the Western District of Washington is appropriate. Defendant denies all remaining allegations in paragraph 7.

### III. PARTIES

    8.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies them.

    9.    Defendant has no knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies them.

    10.    Defendant has no knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies them.

    11.    To the extent the allegations in paragraph 11 pertain to Defendant, Defendant denies them. To the extent the allegations in paragraph 11 do not pertain to Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies them.

    12.    Defendant admits the allegations contained in paragraph 12.

    13.    Defendant admits the allegations contained in paragraph 13.

### IV. LEGAL BACKGROUND

    14.    No response to paragraph 14 is required because it discusses Sections 301(a) and 402 of the CWA, which speak for themselves. To the extent a response is required, Defendant admits the same.

DEFENDANT QUIGG BROS. INC.'S ANSWER TO PLAINTIFF'S COMPLAINT - 3
*(3:23-cv-05652-JNW)*

**CASCADIA LAW GROUP PLLC**
1201 Third Avenue, Suite 320
Seattle, WA 98101
Tel: (206) 292-6300 Fax: (206) 299-4029

15. No response to paragraph 15 is required because it discusses Wash. Rev. Code § 90.48.260, Wash. Admin. Code ch. 173-220, and 33 U.S.C. § 1342(b), which speak for themselves. To the extent a response is required, Defendant admits the same.

16. Defendant admits the Industrial Stormwater General Permit was most recently issued on November 20, 2019, with an effective date of January 1, 2020, and set to expire December 31, 2024 (the "2020 ISGP Permit"). The remainder of paragraph 13 describes the Permit, to which no response is required because the Permit speaks for itself. Defendant denies that there are any ongoing violation at the time the 2025 ISGP goes into effect. To the extent paragraph 16 contains factual allegations requiring a response, Defendant is without knowledge or information sufficient to form a belief as the truth of such allegations and therefore denies them.

17. Paragraph 17 describes the Permit's terms and conditions, which speak for themselves, and so no response is required. To the extent a response is required, Defendant admits the same.

## V.   FACTS

18. Defendant admits paragraph 18.

19. Defendant admits paragraph 19.

20. Defendant admits paragraph 20.

21. Defendant admits paragraph 21.

DEFENDANT QUIGG BROS. INC.'S ANSWER TO PLAINTIFF'S COMPLAINT - 4
*(3:23-cv-05652-JNW)*

**CASCADIA LAW GROUP PLLC**
1201 Third Avenue, Suite 320
Seattle, WA 98101
Tel: (206) 292-6300 Fax: (206) 299-4029

22. Defendant admits that Circle Seafoods and Quigg have conducted work on the barge. Defendant denies the remainder of paragraph 22.

23. Defendant denies to the extent this paragraph implies that Defendant continues to conduct ongoing work on the barge. Defendant admits the remainder of paragraph 23.

24. Defendant denies paragraph 24.

25. Defendant denies paragraph 25.

26. Defendant denies engaging in work attributable as "ship-building activities." Defendant denies the remaining allegations in paragraph 26 to the extent they are asserts against Defendant.

27. Defendant denies paragraph 27.

28. Paragraph 28 describes Plaintiff's Table 1, which speaks for itself, and so no response is required. Regarding the factual allegations in paragraph 28, Defendant denies the same.

29. Defendant denies paragraph 29 to the extent it is asserted against Defendant .

30. Defendant denies paragraph 30.

31. Defendant denies paragraph 31.

32. Defendant denies paragraph 32.

33. Defendant denies paragraph 33.

34. Defendant denies paragraph 34.

DEFENDANT QUIGG BROS. INC.'S ANSWER TO PLAINTIFF'S COMPLAINT **-** 5
*(3:23-cv-05652-JNW)*

**CASCADIA LAW GROUP PLLC**
1201 Third Avenue, Suite 320
Seattle, WA 98101
Tel: (206) 292-6300 Fax: (206) 299-4029

35. Defendant denies paragraph 35.

36. Defendant denies paragraph 36.

37. Defendant denies paragraph 37.

38. Defendant denies paragraph 38.

39. Defendant denies paragraph 39.

40. Defendant denies paragraph 40.

41. Defendant denies paragraph 41.

## VI.   FIRST CAUSE OF ACTION: PERMIT VIOLATIONS

42. Paragraph 42 references the Notice Letter and requires no response. To the extent the Notice Letter alleges facts requiring a response, Defendant references and incorporates its responses in paragraphs 1 through 41.

43. Defendant denies paragraph 43.

44. Defendant denies paragraph 44.

45. Defendant admits it received the Notice Letter, as defined in the complaint, regarding the alleged violations. Defendant denies that such notice was sufficient under the requirements of the Clean Water Act. Defendant denies the remaining allegations in paragraph 45 to the extent they reference any other "notice of violations or claims." To the extent paragraph 45 refers to notice provided to other parties, Defendant is without knowledge or information sufficient to form a belief as the truth of such allegations and therefore denies them.

46. Defendant denies paragraph 46.

DEFENDANT QUIGG BROS. INC.'S ANSWER TO PLAINTIFF'S COMPLAINT - 6
*(3:23-cv-05652-JNW)*

**CASCADIA LAW GROUP PLLC**
1201 Third Avenue, Suite 320
Seattle, WA 98101
Tel: (206) 292-6300 Fax: (206) 299-4029

47. Defendant denies paragraph 47.

### VII. SECOND CAUSE OF ACTION: UNPERMITTED DISCHARGE

48. Paragraph 48 references the Notice Letter and requires no response. To the extent the Notice Letter alleges facts requiring a response, Defendant references and incorporates its responses in paragraphs 1 through 47.

49. Defendant denies paragraph 49.

50. Defendant denies paragraph 50.

51. Defendant admits it received the Notice Letter, as defined in the complaint, regarding the alleged violations. Defendant but denies the remaining allegations in paragraph 51 to the extent they reference any other "notice of violations or claims." To the extent paragraph 51 refers to notice provided to other parties, Defendant is without knowledge or information sufficient to form a belief as the truth of such allegations and therefore denies them.

52. Defendant denies paragraph 52.

53. Defendant denies paragraph 53.

### VIII. PLAINTIFF'S REQUESTED RELIEF

No response is required to Plaintiff's request for relief. To the extent a response is required, Defendant denies that Plaintiff is entitled to relief.

### IX. AFFIRMATIVE DEFENSES

Defendant states and asserts these affirmative defenses upon information and belief:

DEFENDANT QUIGG BROS. INC.'S ANSWER TO PLAINTIFF'S COMPLAINT - 7
*(3:23-cv-05652-JNW)*

**CASCADIA LAW GROUP PLLC**
1201 Third Avenue, Suite 320
Seattle, WA 98101
Tel: (206) 292-6300 Fax: (206) 299-4029

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's Complaint fails to plead sufficient facts to establish a right to recover under the citizen suit provisions of the CWA.

3. Plaintiff lacks standing in its representational capacity to bring the subject action.

4. Plaintiff lacks organizational standing to bring the action.

5. Plaintiff is not a real party in interest.

6. Plaintiff's claims are moot as there is no reasonable expectation that any alleged violations will continue.

7. There is no justiciable controversy ripe for adjudication by declaratory judgment.

8. Plaintiff has failed to satisfy all conditions precedent to suing.

9. Plaintiff has failed to join one or more necessary parties under Rule 19.

10. Plaintiff's damages, if any, were proximately caused in whole or in part by the negligence, carelessness, failure to exercise due care, failure to act, fault, and/or unreasonable conduct of third parties over whom Defendant had no control.

11. Any alleged discharge in violation of the CWA and/or the General Permit was caused by the sole acts and/or omissions of third parties for whom Defendant has no responsibility.

DEFENDANT QUIGG BROS. INC.'S ANSWER TO PLAINTIFF'S COMPLAINT - 8
*(3:23-cv-05652-JNW)*

**CASCADIA LAW GROUP PLLC**
1201 Third Avenue, Suite 320
Seattle, WA 98101
Tel: (206) 292-6300 Fax: (206) 299-4029

12. Any injury or damage allegedly attributable to acts or omissions of Defendant is de minimis relative to and severable from other injury or damage for which Defendant has no responsibility.

13. At all times relevant, Defendant's discharge of stormwater was and is allowed under the NPDES permits issued to Defendant by Ecology pursuant to Sections 301 and 402 of the CWA, 33 U.S.C. § 1342, RCW 90.48.260, and WAC 173-220. At all times relevant, Defendant was and is in compliance with all applicable terms and conditions of the subject NPDES permits. At all times relevant, Defendant was and is cooperating with Ecology representatives in Ecology's administration of the subject NPDES permits.

## X.   DEFENDANT'S REQUESTED RELIEF

A. A judgment dismissing Plaintiff's Complaint with prejudice;

B. An award of costs and attorneys' fees to the extent permitted by law;

C. An award for treble the damages caused during Plaintiff's trespass under RCW 4.24.630(1); and

D. Any additional relief that the Court deems just and equitable.

DATED this 10th day of February 2025.

DEFENDANT QUIGG BROS. INC.'S ANSWER TO PLAINTIFF'S COMPLAINT - 9
*(3:23-cv-05652-JNW)*

**CASCADIA LAW GROUP PLLC**
1201 Third Avenue, Suite 320
Seattle, WA 98101
Tel: (206) 292-6300 Fax: (206) 299-4029

CASCADIA LAW GROUP PLLC

By   *s/ Tisha Pagalilauan*
Tisha Pagalilauan, WSBA No. 28217
Christopher Berven, WSBA No. 62951
CASCADIA LAW GROUP PLC
1201 Third Avenue, Suite 320
Seattle, WA 98101
Telephone: (206) 292-6300
E-mail: tpagalilauan@cascadialaw.com
E-mail: cberven@cascadialaw.com

Attorneys for Defendant Quigg Bros.

DEFENDANT QUIGG BROS. INC.'S ANSWER
TO PLAINTIFF'S COMPLAINT - 10
*(3:23-cv-05652-JNW)*

**CASCADIA LAW GROUP PLLC**
1201 Third Avenue, Suite 320
Seattle, WA 98101
Tel: (206) 292-6300 Fax: (206) 299-4029

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of February 2025, the foregoing was electronically filed with the Clerk of the Court using the Court's electronic filing system, which will send notification of said filing to the attorneys of record that have, as required, registered with the Court's system.

DATED this 10th day of February 2025 at Seattle, Washington.

By: *s/ Tisha Pagalilauan*
Tisha Pagalilauan, WSBA No. 28217

Cascadia Law Group PLLC
1201 Third Avenue, Suite 320
Seattle, WA 98101
Telephone: (206) 292-6300
Facsimile: (206) 292-3600
E-mail: tpagalilauan@cascadialaw.com

Attorneys for Defendant Quigg Bros.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

*Certificate of Service*
*(3:23-cv-05652-JNW)*

**CASCADIA LAW GROUP PLLC**
1201 Third Avenue, Suite 320, Seattle, WA. 98101
(206) 292-6300 Fax: (206) 262-6301